SJL LAW LLP
Julian G. Senior (SBN: 219098)
Marcelo Lee (SBN: 271980)
Corinne D. Orquiola (SBN 226969)
841 Apollo Street, Suite 300
El Segundo, CA  90245
Tel. No.:  424.290.0720
Fax No.:  424.290.0721
mail@sjllegal.com (service at any other email address is invalid)

Attorneys for Defendant KIA AMERICA, INC.

# UNITED STATE DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA- OAKLAND DIVISION

| | |
|---|---|
| BETHAN C. LAMB,<br><br>                    Plaintiff,<br><br>        vs.<br><br>KIA        AMERICA,        INC,        a corporations;   and   DOES   1   through 10, inclusive,<br><br>                    Defendants. | **CASE NO.: 4:22-cv-5434**<br><br>Assigned to:<br>Department:<br><br>**DECLARATION OF JULIAN G. SENIOR, IN SUPPORT OF DEFENDANT KIA AMERICA, INC.'S NOTICE OF REMOVAL; SUPPORTING EXHIBITS 1-2**<br><br>Action Filed:      August 17, 2022<br>Trial:      None |

## DECLARATION OF JULIAN G. SENIOR

I, Julian G. Senior, declare as follows:

1.      I am an attorney admitted to practice before all courts of the State of California and the United States District Court for the Northern District of California. I am an attorney at SJL Law LLP, attorneys of record for Kia America, Inc. ("KA"). This declaration is offered in support of KA's Notice of Removal to the United States District Court for the Northern District of California under 28

U.S.C. § 1331. I have personal knowledge of all the facts set forth herein, and if called upon to do so by the Court, could and would testify competently thereto. As to those matters stated upon information and belief, I am informed and believe such matters to be true.

2.  KA was served with a copy of Plaintiff's Summons and Complaint on August 23, 2022, through its designated agent for service of process, CT Corporation System (a corporation service company). It was on that date that KA received, through service or otherwise, a copy of the pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable. A true and correct copy of Plaintiff's Summons, Civil Case Cover Sheet, Complaint, and the Notice of Case Assignment received by KA is attached hereto as Exhibit 1.

3.  KA answered Plaintiff's Complaint on September 22, 2022. A true and correct copy of KA's Answer is attached hereto as Exhibit 2.

4.  No other proceedings have been had in the state court action.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 23rd day of September 2022, at El Segundo, California.


   /s/ Julian G. Senior
Julian G. Senior
Declarant

DECLARATION OF JULIAN G. SENIOR, IN SUPPORT OF DEFENDANT KIA AMERICA, INC.'S NOTICE OF REMOVAL; SUPPORTING EXHIBITS 1-2

# EXHIBIT 1



**CT Corporation**
**Service of Process Notification**
08/23/2022
CT Log Number 542178855

## Service of Process Transmittal Summary

**TO:**   Mark Goldzweig
Kia Motors America, Inc.
111 Peters Canyon Rd
Irvine, CA 92606-1790

**RE:**   **Process Served in California**

**FOR:**   KIA MOTORS AMERICA, INC.  (Former Name)  (Domestic State: CA)
Kia America, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BETHAN C. LAMB // To: Kia America, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Notice(s), Certificate |
| **COURT/AGENCY:** | Alameda County - Superior Court - California, CA<br>Case # 22CV016334 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2019 KIA NIRO, VIN: KNDCC3LG8K2014880 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/23/2022 at 12:57 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S)/SENDER(S):** | Neal F. Morrow III<br>MFS Legal, Inc.<br>5318 East 2nd Street #490<br>Long Beach, CA 90803<br>562-379-2654 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/24/2022, Expected Purge Date: 08/29/2022 |
| | Image SOP |
| | Email Notification,  Mark Goldzweig  Mgoldzweig@kiausa.com |
| | Email Notification,  Debbie Avalos  davalos@kiausa.com |
| | Email Notification,  Wendy Seeley  wseeley@kiausa.com |
| | Email Notification,  Marisa Sanchez  msanchez@kiausa.com |
| | Email Notification,  Robert Hyatt  rhyatt@kiausa.com |
| | Email Notification,  Samantha Hughes  shughes-contracted@kiausa.com |
| | Email Notification,  Madeline Skitzki  mskitzki-contracted@kiausa.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700 |



**CT Corporation**
**Service of Process Notification**
08/23/2022
CT Log Number 542178855

GLENDALE, CA 91203
866-331-2303
CentralTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                   Tue, Aug 23, 2022
**Server Name:**                            GERARDO MARTINEZ

| Entity Served | KIA MOTORS AMERICA, INC. |
|---|---|
| Case Number | 22CV016334 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KIA AMERICA, INC, a corporation, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BETHAN C. LAMB

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| --- |
| **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>08/17/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
| --- | --- |
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Alameda<br>Rene C. Davidson County Courthouse<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>22CV016334 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Neal F. Morrow III MFS Legal, Inc. 5318 East 2nd Street #490 Long Beach, CA 90803 (562) 379-2654

| DATE:<br>*(Fecha)* 08/17/2022   Chad Finke, Executive Officer / Clerk of the Court | Clerk, by<br>*(Secretario)* _____ A. Linhares _____ , Deputy<br>*(Adjunto)* |
| --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* KIA AMERICA, INC, a corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**MFS Legal, Inc.**
Neal F. Morrow III (SBN 295497)
Michael J. Avila (SBN 337521)
5318 East 2nd Street #490
Long Beach, CA 90803
Tel: (562) 379-2654
Email: lawclerk@calemonlawteam.com (contact)
eservice@calemonlawteam.com (documents)

Attorneys for Plaintiff
BETHAN C. LAMB

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
08/17/2022 at 11:50:37 AM
By: Angela Linhares,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| BETHAN C. LAMB, | Case No.: 22CV016334 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | |
| KIA AMERICA, INC, a corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff, BETHAN C. LAMB, an individual alleges as follows:

1. Plaintiff is an individual residing in the City of OAKLAND, County of ALAMEDA, and the State of CALIFORNIA.

2. Defendant KIA AMERICA, INC is registered to do business in the State of CALIFORNIA.

3. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual, or otherwise of Defendants issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will seek leave to amend this

1   Complaint to set forth the true names and capacities of the fictitiously named Defendant together

2   with appropriate charging allegations when ascertained.

3       4.      All acts of corporate employees as alleged were authorized or ratified by an officer,

4   director or managing agent of the corporate employer.

5       5.      Each Defendant whether actually or fictitiously named herein was the principal, agent

6   (actual or ostensible) or employee of each other Defendant and in acting as such principal or within

7   the course and scope of such employment or agency, took some part in the acts and omissions

8   hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for

9   herein.

10      6.      On JULY 07, 2019, Plaintiff leased a 2019 KIA NIRO, VIN:

11  KNDCC3LG8K2014880 ("vehicle").

## FIRST CAUSE OF ACTION

## (VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT) – BREACH OF EXPRESS WARRANTIES

## AGAINST ALL DEFENDANTS

7.   Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

8.   Plaintiff incorporates all preceding paragraphs as if set forth at length below.

9.   Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1791(b).

10. The vehicle is a "consumer good" as defined by Cal. Civ. Code § 1791(a).

11. KIA AMERICA, INC is a "warrantor" as contemplated by Ca. Civ. Code § 1795.

12. Plaintiff's purchase of the Vehicle was a lease as defined by Cal. Civ. Code §1791(n).

13. Defendants violated the Song-Beverly Consumer Warranty Act by failing to conform the Vehicle to the express written warranties within a reasonable number of repair attempts or within the warranty periods, and by failing to promptly replace the vehicle or make restitution to Plaintiff.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2

14. On 04/16/2021 Subject Vehicle was presented to Oakland Kia 25619 miles on it, the Plaintiff indicated that a warning light had come on. The vehicle was at the repair facility for 20 days and drove it 81 miles. On 05/07/2021 Subject Vehicle was presented to Oakland Kia with 25729. Plaintiff stated that the warning light was coming on. The repair facility found a code for high voltage deviation and replaced the EV high voltage battery pack. The vehicle was in the shop for 38 days. The defects, malfunctions, and nonconformities that were presented to Defendant's authorized repair facilities multiple times and substantially impair the use, value, and/or safety of the Vehicle.

15. Pursuant to Cal. Civ. Code §1793.2(d), Defendants must refund the price of the Vehicle to Plaintiff.

16. Pursuant to Cal. Civ. Code §1794(a), Plaintiff is entitled to restitution.

17. As a direct and proximate result of said violations of the Song-Beverly Act, Plaintiff has sustained and continues to sustain, actual, incidental, and consequential damages in the approximate amount of the purchase price according to proof at trial.

18. The failure of Defendants to comply with the Song-Beverly Act was willful in that they had actual knowledge of the Vehicle's defects, malfunctions, and nonconformities, knew of its legal duties under the warranty act, but repeatedly refused to make necessary repairs and/or provide compensation to the plaintiff.

19. Pursuant to Cal. Civ. Code §1794(c), Plaintiff is entitled to a civil penalty of two times the amount of Plaintiff's actual damages.

20. Pursuant to Cal. Civ. Code §1794(d), Plaintiff is entitled to attorney's fees and expenses reasonably incurred in connection with this action.

## SECOND CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY (SONG BEVERLY) AGAINST ALL DEFENDANTS

21. Plaintiff incorporates all preceding paragraphs as if set forth at length below.

22. Pursuant to Cal. Civ. Code §1792, the Vehicle was accompanied by each   Defendants' implied warranty that the goods are merchantable.

23. Pursuant to Cal. Civ. Code §1793, and because of the existence of the express warranty, Defendants may not disclaim, limit, or modify the implied warranties provided by the Song-Beverly – Act.

24. Defendants breached the implied warranty of merchantability as stated in Cal. Civ. Code §1791.1 and 1792 in the vehicle has malfunctions, and nonconformities render the Vehicle unfit for the ordinary purposes for which it is used, and it would not pass without objection in the trade.

25. Pursuant to Cal. Civ. Code §1794(a), Plaintiff is entitled to restitution.

26. As a direct and proximate result of the breach of the implied warranty of merchantability, Plaintiff has sustained and continues to sustain, actual, incidental, and consequential damages in the approximate amount of the purchase price according to proof at trial.

27. As a direct and proximate result of said violations of the Song-Beverly Act, Plaintiff has sustained and continues to sustain, actual, incidental, and consequential damages in the approximate amount of the purchase price according to proof at trial.

28. Pursuant to Cal. Civ. Code §1794(d), Plaintiff is entitled to attorney's fees and expenses reasonably incurred in connection with this action.

29. Plaintiff is a "buyer" of consumer goods under the Act.

## THIRD CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY – COMMERCIAL CODE – AGAINST ALL DEFENDANTS

30. Plaintiff reincorporates the above allegations as if set forth at length below.

31. Defendant gave plaintiff a written warranty that the vehicle would be (a) free from defects of material and workmanship and (2) defendant would remedy the vehicle timely for any defects by presenting the vehicle to any authorized repair center.

32. The subject vehicle did not perform as promised and did not meet the quality of the written warranty, nor meet the standard described in the written warranty.

33. Plaintiff took reasonable steps to notify Defendants that the vehicle was not as represented.

34. Defendants failed to honor the terms of its express warranty

35. Plaintiff was harmed as a result.

36. The failure of the vehicles to be as represented was a substantial factor is causing Plaintiff's harm

37. Plaintiff is entitled to damages provided by Com Code for breach of warranty being the difference at the time and place of acceptance between the value of the vehicle as accepted and the value they would have had if they had been as warranted.

## FOURTH CAUSE OF ACTION

**(Violation of the Federal Magnuson-Moss Warranty Act - Against All Defendants)**

38. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

39. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

40. Defendant, KIA AMERICA, INC is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

41. The vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. §2301(1). In addition to the express warranty, in connection with the lease of the

vehicle to Plaintiff, an implied warranty of merchantability was created under California law. The vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

## FIFTH CAUSE OF ACTION
## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200
## AGAINST ALL DEFENDANTS

42. Plaintiff re-alleges the above allegations as if set forth below in full.

43. Plaintiff and Defendants are each "person[s]" as defined by California Business & Professions Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

44. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," many of which are at issue here:
   (1) an "unlawful" business act or practice,
   (2) an "unfair" business act or practice,
   (3) a "fraudulent" business act or practice, and
   (4) "unfair, deceptive, untrue or misleading advertising."

45. The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

46. Plaintiff has no speedy adequate remedy at law and damages would not adequately compensate her for the ongoing wrongs committed by Defendants.

47. By and through Defendant's conduct alleged in further detail above and herein, Defendants engaged in conduct which constitutes (a) unlawful and (b) unfair business practices prohibited by Bus. & Prof. Code § 17200 et seq.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## "UNLAWFUL" PRONG

48. As a result of Defendant's acts and practices described herein, Defendants have violated California's Unfair Competition Law, Business & Professions Code §§ 17200 et seq., which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

49. Defendants have other reasonably available alternatives to further its legitimate business interest, other than the conduct described above

50. Plaintiff reserves the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

## "UNFAIR" PRONG

51. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendants to knowingly or negligently

  (1) fail to provide repair facilities to service vehicles to conform to the express warranties reasonably close to where Defendant's vehicle is sold,

  (2) provide their authorized repair facilities service and repair literature to allow them to conform the vehicles to the express warranties,

  (3) inform consumers of their warranty rights on their repair orders, and

  (4) pay their authorized repair facilities for work done under the express warranty.

  (5) Trying to coerce Plaintiff and other members of the public to sign confidentiality clauses and

52. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendants have committed acts of unfair competition as

defined by Cal. Bus. & Prof. Code §§ 17200 et seq., as alleged further detail above and herein.

53. Plaintiff could not have reasonably avoided the injury suffered herein. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendants continue to violate the provisions of the Song-Beverly act.

## "FRAUDULENT" PRONG

54. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

55. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

56. Here, consumers are likely to be deceived by the acts described above in this complaint.

57. California consumers were never informed of their rights pursuant to the Song-Beverly Acts standards.

58. In addition, Defendant's oral misrepresentations also deceived Plaintiff to believe that Plaintiff would receive a benefit by purchasing a Vehicle from them under warranty.

59. Despite the passage of time, Plaintiff has received no such benefit from the warranty of the vehicle.

60. Plaintiff is entitled to injunctive relief to bring Defendants in conformity with the law.

61. Plaintiff is further entitled to preliminary relief to enforce Defendants' compliance with its legal obligations during the pendency of the within action as Plaintiff has both no adequate remedy at law, has and continues to suffer irreparable injury, and damages would be completely inadequate.

**WHEREFORE**, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

(1)     A declaration that the sales contract is rescinded;

(2)     A declaration that Defendants have been given a reasonable number of repair attempts and/or days to conform the Vehicle to the warranty;

(3)     Actual damages of $39,300.00 according to proof;

(4)     Consequential and incidental damages according to proof;

(5)     Restitution of all consideration given by Plaintiff and or paid out toward the Vehicle.

(6)     Civil Penalties under the Song-Beverly Act in the amount of two times actual damages;

(7)     Reasonable attorney's fees according to statute and contract.

(8)     Prejudgment interest at the highest maximum legal rate;

(9)     A temporary restraining order and/or preliminary injunction;

(10)    Costs and expenses reasonably incurred in connection with this action; and

(11)    Such other relief as the Court deems just and proper.


DATED:  August 4, 2022                    MFS Legal, Inc.



Neal F. Morrow III
Attorney for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Neal F. Morrow III (SBN 295497)<br>MFS Legal, Inc.<br>5318 East 2nd Street #490 Long Beach, CA 90803<br>  TELEPHONE NO.: (562) 379-2654   FAX NO. *(Optional)*: 5622651112<br>  E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name)*: BETHAN C. LAMB | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>08/17/2022 at 11:50:37 AM<br>By: Angela Linhares,<br>Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson County Courthouse

CASE NAME:
BETHAN C. LAMB v. KIA AMERICA, INC, et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited  ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **22CV016334** |
|  |  | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☒ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) |    condemnation (14) |    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) |    types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) |  |
| ☐ Other employment (15) | ☐ Other judicial review (39) |  |

2.  This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
    b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more
        issues that will be time-consuming to resolve        courts in other counties, states, or countries, or in a federal
    c. ☐ Substantial amount of documentary evidence        court
                                                           f. ☐ Substantial postjudgment judicial supervision
3.  Remedies sought *(check all that apply)*: a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4.  Number of causes of action *(specify)*: 5
5.  This case ☐ is ☒ is not a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 2, 2022

Neal F. Morrow III                                          ►
_____                    _____
           (TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|


American LegalNet, Inc.
www.FormsWorkFlow.com

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

American LegalNet, Inc.
www.FormsWorkFlow.com

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br><br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>08/17/2022<br>Clad Flike, Executive Officer / Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |
| PLAINTIFF(S):<br>Bethan C. Lamb | |
| DEFENDANT(S):<br>KIA AMERICA, INC, a corporation | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>22CV016334 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Jeffrey Brand |
| DEPARTMENT: | 22 |
| LOCATION: | Rene C. Davidson Courthouse |
| | Administration Building, 1221 Oak Street, Oakland, CA 94612 |
| PHONE NUMBER: | (510) 267-6938 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept22@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE ASSIGNMENT**

ASSIGNED FOR ALL PURPOSES TO
JUDGE Jeffrey Brand
DEPARTMENT 22

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

A. Linhares, Deputy Clerk

By

**NOTICE OF CASE ASSIGNMENT**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>08/17/2022<br>Chad Fike, Executive Officer / Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |
| PLAINTIFF:<br>Bethan C. Lamb | |
| DEFENDANT:<br>KIA AMERICA, INC, a corporation | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>22CV016334 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | | |
|---|---|---|
| Date: 01/09/2023 | Time: 2:30 PM | Dept.: 22 |
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF<br>CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>08/17/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Bethan C. Lamb | |
| DEFENDANT/RESPONDENT:<br>KIA AMERICA, INC, a corporation | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV016334 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Neal F. Morrow
MFS Legal Inc.
5318 E 2nd Street
#490
Long Beach, CA 90803

Chad Finke, Executive Officer / Clerk of the Court

Dated: 08/17/2022                    By:

A. Linhares, Deputy Clerk

CERTIFICATE OF MAILING

# EXHIBIT 2

1   SJL LAW LLP
    Julian G. Senior (SBN: 219098)
2   Marcelo Lee (SBN: 271980)
    Corinne D. Orquiola (SBN: 226969)
3   841 Apollo Street, Suite 300
    El Segundo, CA  90245
4   Tel. No.:  424.290.0720
    Fax No.:  424.290.0721
5   mail@sjllegal.com (service at any other email address is invalid)

6   Attorneys for Defendant KIA AMERICA, INC.

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                 COUNTY OF ALAMEDA

10

11  BETHAN C. LAMB,                          )   CASE NO.: 22CV016334
12                                           )
                         Plaintiff,          )   Assigned to:  Hon. Jeffrey Brand
13                                           )   Department:  22
                   vs.                       )
14                                           )
    KIA  AMERICA,  INC,  a corporations;     )   **DEFENDANT KIA AMERICA, INC.'S**
15  and DOES 1 through 10, inclusive,        )   **ANSWER TO PLAINTIFF'S COMPLAINT**
16                                           )   **FOR DAMAGES AND INJUNCTIVE**
                                             )   **RELIEF; JURY DEMAND**
17                      Defendants.          )
                                             )   Action Filed:  August 17, 2022
18                                           )   Trial:          None
19  ─────────────────────────────────       )

20          Defendant Kia America ("KA"), for itself alone and for no other parties, hereby

21  answers Plaintiff Bethan C. Lamb's Complaint for Damages and Injunctive

22  Relief as follows:

23          Under the provisions of Code of Civil Procedure, Section 431.30(d), KA denies

24  each and every allegation, both specifically and generally, of each cause of action

25  contained in Plaintiff's Complaint on file herein and the whole thereof and denies that

26  Plaintiff was damaged in any sum or sums, or at all.

27  / / /

28  / / /

- 1 -
DEFENDANT KIA AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; JURY DEMAND

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against KA.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitation)

2.     KA is informed and believes, and on that basis alleges, that Plaintiff is barred from bringing this action by the statutes of limitation contained in Code of Civil Procedure, Sections 337, 338, 339 and 340 and Commercial Code, Section 2725.

## THIRD AFFIRMATIVE DEFENSE

### (Misuse, Abuse, Unauthorized or Unreasonable Use)

3.     KA is informed and believes, and on that basis alleges, that Plaintiff and/or others misused or abused the subject vehicle, or engaged in unauthorized or unreasonable use of the subject vehicle, contrary to KA's approval or consent and Plaintiff's damages, if any, were proximately caused by such abuse and neglect of the vehicle.

## FOURTH AFFIRMATIVE DEFENSE

### (No Defect - Warranty Exclusion)

4.     KA is informed and believes, and on that basis alleges, that the damages asserted in Plaintiff's Complaint were not the result of any defect in material or workmanship in any vehicle distributed by KA or that the subject vehicle's use, safety or value was impaired.  Specifically, KA alleges that after appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

/ / /

/ / /

/ / /

/ / /

/ / /

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Maintenance)

5.    KA is informed and believes, and on that basis alleges, that Plaintiff is precluded from recovery by reason of Plaintiff's failure to maintain and service the subject vehicle in conformance with the requirements and recommendations of the owner's manual and/or warranty booklet.

## SIXTH AFFIRMATIVE DEFENSE

### (Terms of Limited Warranty)

6.    KA is informed and believes, and on that basis alleges, that by the terms of the limited warranty for the subject vehicle, KA is not liable for incidental or consequential damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Third Party Dispute Resolution Process)

7.    KA is informed and believes, and on that basis alleges, that Plaintiff and/or the owner of the subject vehicle received timely notice of the availability of a third-party dispute resolution process, and that no effort was made to use such process.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Civil Penalty)

8.    KA is informed and believes, and on that basis alleges, that it possesses a qualified third-party dispute resolution process, thereby barring Plaintiff from any civil penalty in this lawsuit.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.    KA is informed and believes, and on that basis alleges, that Plaintiff is barred in whole or in part under the doctrine of unclean hands.

/ / /

/ / /

/ / /

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Fit for Intended Purpose)

3       10.     KA is informed and believes, and on that basis alleges, that the subject

4   vehicle remained fit for its intended purpose of providing transportation.  Accordingly,

5   Plaintiff is not entitled to relief for breach of the implied warranty of merchantability.

6

## ELEVENTH AFFIRMATIVE DEFENSE

7

### (No Representation Beyond Express Warranty)

8       11.      KA is informed and believes, and on that basis alleges that it did not

9   represent to Plaintiff that the subject vehicle had characteristics and benefits it did not

10  have and/or that its express warranty conferred or involved remedies or obligations it

11  did not have.

12

## TWELFTH AFFIRMATIVE DEFENSE

13

### (Requisite Repair Attempts)

14      12.     KA is informed and believes, and on that basis alleges, that the subject

15  vehicle has not been out of service the requisite number of days or subject to repair for

16  the same nonconformity the requisite number of times by KA within eighteen months

17  from delivery to Plaintiff or the accrual of 18,000 miles on the odometer.

18

## THIRTEENTH AFFIRMATIVE DEFENSE

19

### (Mitigation of Damages)

20      13.     KA is informed and believes, and on that basis alleges, that Plaintiff has

21  made no efforts to attempt to mitigate any damages or protect the value of the subject

22  vehicle, and as such, any damages awarded would be reduced accordingly.

23

## FOURTEENTH AFFIRMATIVE DEFENSE

24

### (Alteration of Subject Vehicle)

25      14.     The subject vehicle was not defective or unmerchantable when it left the

26  possession, custody and control of KA.  Any damage was caused by changes and

27  alterations made to the subject vehicle by persons other than KA.

28  / / /

DEFENDANT KIA AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; JURY DEMAND

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (No Written Notice)

3        15.    KA is informed and believes, and on that basis alleges, that Plaintiff is

4    barred from the recovery of a civil penalty by reason of Plaintiff's failure to serve written

5    notice pursuant to Civil Code, Section 1794(e)(3).

6

## SIXTEENTH AFFIRMATIVE DEFENSE

7

### (No Opportunity to Cure)

8        16.    KA is informed and believes, and on that basis alleges, that Plaintiff has

9    failed to provide reasonable opportunity to cure any alleged defect as required by 15

10    United States Code, Section 2310(e).

11

## SEVENTEETH AFFIRMATIVE DEFENSE

12

### (No Magnuson-Moss Violation)

13        17.    KA is informed and believes, and on that basis alleges, that Plaintiff has

14    not utilized KA's qualified third party dispute resolution program as required in order to

15    assert a cause of action under the Magnuson-Moss Warranty Act, 15 U.S.C. Section

16    2031 et seq.

17

## EIGHTEENTH AFFIRMATIVE DEFENSE

18

### (Prevention of Performance)

19        18.    KA is informed and believes, and on that basis alleges, that KA was

20    prevented and/or delayed from performing the obligations alleged in Plaintiff's

21    Complaint by Plaintiff and/or others. Thus, the performance of the obligations or the

22    delay thereof, if any, are excused and/or KA is entitled to all benefits which it would

23    have obtained if performance had been completed.

24

## NINETEENTH AFFIRMATIVE DEFENSE

25

### (Delay Due to Conditions beyond Control)

26        19.    KA is informed and believes, and on that basis alleges, that the delay in

27    service or repair of the subject vehicle, if any, was caused by conditions beyond the

28    control of KA, and the subject vehicle was returned as soon as possible following the

DEFENDANT KIA AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; JURY DEMAND

1  termination of these conditions.

2  <u>**TWENTIETH AFFIRMATIVE DEFENSE**</u>

3  **(Additional Affirmative Defenses)**

4    20.    KA alleges that it may have additional affirmative defenses available that

5  are not now fully known.  KA reserves the right to assert additional affirmative defenses

6  after they have been determined.

7    WHEREFORE, KA prays as follows:

8    1.    For dismissal of Plaintiff's Complaint with prejudice;

9    2.    For judgment in favor of KA against Plaintiff;

10    3.    For the costs of suit herein; and,

11    4.    For such other and further relief as the Court may deem just and proper.

12

13  DATED:  September 22, 2022            SJL LAW LLP

14

15                              By:  _Corinne D Orquiola_

16                                   _____
                                     Julian G. Senior

17                                   Marcelo Lee
                                     Corinne D. Orquiola

18                                   Attorneys for Defendant
                                     KIA AMERICA, INC.

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Defendant KIA AMERICA, INC. demands a jury trial.


DATED:  September 22, 2022                    SJL LAW LLP


                                         By:  _____
                                              Julian G. Senior
                                              Marcelo Lee
                                              Corinne D. Orquiola
                                              Attorneys for Defendant
                                              KIA AMERICA, INC.

DEFENDANT KIA AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; JURY DEMAND

**PROOF OF SERVICE**
**CCP 1013A(3) (Revised 5/1/88)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 841 Apollo Street, Suite 300, El Segundo, CA  90245.

On September 22, 2022, I served the foregoing documents described as **DEFENDANT KIA AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; JURY DEMAND** on all interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐      **BY MAIL (CCP §1013(a) and §2015.5):**  I served the documents by placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than **1** day after the date of deposit for mailing in affidavit.

☐      **BY OVERNIGHT DELIVERY (CCP §1013(c) and §2015.5):**  I sealed such documents in separate envelopes to each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an Express Service carrier, or delivered to an authorized carrier or driver authorized by the U.S. Postal Service or an Express service carrier to receive documents, with delivery fees paid or provided.

☐      **BY FACSIMILE (CRC 2.306, CCP §2015.5 and CCP §1013(e)):**    The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service list and the transmission(s) reported as complete and without error.   The facsimile machine I used complied with the California Rules of Court, Rule 2.306(g) and I printed a record of the transmission(s), a copy of which is attached to the original of this declaration.

☒      **BY ELECTRONIC MAIL (CRC 2.251 and CCP §1010.6(a)):** The document(s), listed *supra*, were served electronically and the transmission was reported as complete and without error to each of the parties at the e-mail address(es) listed below.

Executed on September 22, 2022, at El Segundo, California.

☒ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Johncen Gonzales

- 1 -

1

## SERVICE/MAILING LIST

2

3

## BETHAN C. LAMB v. KIA MOTORS AMERICA, INC.
## Alameda County Superior Court Case No.: 22CV016334

4

5

6

7

8

9

John C. Feely                               Attorneys for Plaintiff
Neal F. Morrow III
MFS Legal Inc.                              BETHAN C. LAMB
5318 East 2nd Street, #490
Long Beach, CA 90803
Tel. No.: 562.307.8055
Fax No.: 562.265.1112
Email: eservice@calemonlawteam.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

 (/Dashboard)



# Order #18969613: eFiling

Submitted: 9/22/2022 11:14 AM PT

---

 **Under court clerk review**

9/22/2022 11:14 AM PT

**Court Transaction #22AA00119908**

---

**MESSAGE FROM ONE LEGAL:** The court has received your filing. This status will be updated and you will receive an email immediately upon completion of the court clerk's review. Although court processing times vary, the court filing date for accepted filings will reflect the date this order was submitted.

---

## Documents

**Returned (0)**

Documents will be available here once they are provided by the court's system.

**Your Files (1)**

| Document Title | Document Type | Pages | Status |
|---|---|---|---|
| Answer | Answer | 9 | Uploaded |

---

## Case Information

**Court**
Alameda County, Superior Court of California (Oakland Civil)

**Number**
22CV016334

**Title**
LAMB vs KIA AMERICA, INC, A CORPORATION

---

Confirmation Receipt #27272321

© One Legal LLC

Version: 7.0.1030 | Customer #0121200

Accessibility statement (https://www.onelegal.com/accessibility/)   |   Privacy policy

(https://www.onelegal.com/privacy/)   |   Terms of service (https://www.onelegal.com/terms/)

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on **September 23, 2022** a true and correct copy of the foregoing **DECLARATION OF JULIAN G. SENIOR, IN SUPPORT OF DEFENDANT KIA AMERICA, INC.'S NOTICE OF REMOVAL; SUPPORTING EXHIBITS 1-2** was filed with the Clerk using the CM/ECF system, which will provide notice to the following counsel of record:

| | |
|---|---|
| John C. Feely | **Attorneys for Plaintiff** |
| Neal F. Morrow III | |
| MFS Legal Inc. | BETHAN C. LAMB |
| 5318 East 2nd Street, #490 | |
| Long Beach, CA 90803 | |
| Tel. No.: 562.307.8055 | |
| Fax No.: 562.265.1112 | |
| Email: eservice@calemonlawteam.com | |